**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

ERNESTO CARRILLO-RAMIREZ, JOSE
DELGADO-PALOMERA, NESTOR DELGADO-
ZAMORANO, OSCAR PACHECO-SANTANA,
VICTOR SANCHEZ-JAIMES, JOEL
TAPIA-RUIZ, ADAN ESPARZA-HARO,
and FRANCISCO ROBLES-CASILLA,                                        **PLAINTIFFS**

VS.                                        **CIVIL ACTION NO. 3:15-CV-00409-CWR-FKB**

CULPEPPER ENTERPRISES, INC., and KATHY
CULPEPPER                                                            **DEFENDANTS**

**REPORT AND RECOMMENDATION**

Before the undersigned for report and recommendation is Plaintiffs' Motion to Enforce

Settlement Agreement with Kathy Culpepper and Culpepper Enterprises, Inc. [142]. For the

reasons described below, the undersigned recommends that the Court deny the motion as to Kathy

Culpepper and find it to be moot as to Culpepper Enterprises.

**Procedural History**

Plaintiffs filed suit on June 5, 2015, against six parties: Culpepper Enterprises, Inc., Kathy

Culpepper, Brannon White, North American Labor Services, Inc., Jon Clancy, and Cheri Clancy.

[1]. By stipulation, Plaintiffs dismissed Brannon White. [16]. Each of the remaining five

defendants retained the same attorney, John Foxworth, Jr., to represent them. On July 22, 2016,

Foxworth filed a motion to withdraw as counsel, citing a conflict of interest that had developed

between the parties. [116]. The Court granted Foxworth's motion to withdraw on August 10, 2016.

[118]. In its Order permitting the withdrawal, the Court required:

> Defendants Kathy Culpepper, Jon Clancy, and Cheri Clancy shall notify the
> Court, in writing, on or before September 9, 2016, of their election to either employ

private counsel, or to proceed pro se. Further, because corporations may appear before the Court only through a licensed attorney, Defendants Culpepper Enterprises, Inc., and North American Labor Services, Inc., shall notify the Court, in writing, on or before September 9, 2016, as to whom each elects to employ as counsel of record in this matter. Failure to do so may result in a judgment being entered against each defendant.

[118] at 1-2 (internal citations omitted). The Court further required Foxworth to serve a copy of the Order permitting his withdrawal to each of the five defendants. *Id.* On August 23, 2016, Foxworth filed certificates of service verifying that he had served copies of Order [118] on each of the five defendants, as well as Kathy Culpepper's son, Brannon White. [119]-[121].

Defendants failed to respond as required by September 9, 2016. Plaintiffs filed a Motion for Entry of Default on September 14, 2016, pursuant to Federal Rule of Civil Procedure 55(a). [122]. Plaintiffs sought default judgment, as the corporate entities remained unrepresented in spite of the Court's order. *Id.*

Defendants North American Labor Services, Jon Clancy, and Cheri Clancy retained new counsel on September 21, 2016. [125]. Defendants Culpepper Enterprises, Inc. and Kathy Culpepper, however, did not, and the Court entered a Show Cause Order on September 22, 2016, which required:

. . . that Defendants Culpepper Enterprises, Inc., and Kathy Culpepper shall show cause to the Court, in writing, on or before October 7, 2016, as to why they have failed to comply with the Court's order [118]. Further, Defendants Culpepper Enterprises, Inc., and Kathy Culpepper shall notify the Court, in writing, on or before October 7, 2016, as to whom each elects to employ as counsel of record in this matter. Failure to do so may result in a judgment being entered against each defendant.

[128]. The Court further stated, "Kathy Culpepper may proceed pro se in this matter if she so chooses. Culpepper Enterprises, Inc., however, may only appear before the Court through an attorney." *Id.*

Kathy Culpepper and Culpepper Enterprises, Inc. again failed to respond to the Court's order. On November 15, 2016, the Court entered an order, *sua sponte*, noting Kathy Culpepper's failure to respond and construing such as her choosing to proceed *pro se*. [133]. The Court further ordered Kathy Culpepper to appear in person for a settlement conference on December 7, 2016. *Id.* The Court denied Plaintiffs' Motion for Entry of Default [122] without prejudice. *See* Text-Only Order of November 15, 2016.

On November 21, 2016, Plaintiffs notified the Court that Culpepper Enterprises, Inc. filed a petition for Chapter 11 bankruptcy on November 14, 2016. [135].

### December 7, 2016, Settlement Conference

The undersigned hosted a settlement conference in this matter on December 7, 2016. Plaintiffs and Defendants North American Labor Services, Inc., Jon Clancy, and Cheri Clancy each appeared with counsel. No counsel for Culpepper Enterprises, Inc. appeared, and Kathy Culpepper did not appear. Instead, Brannon White attended the settlement conference, telling those present that his mother was unable to attend due to health issues. [142-2] at 6-7. Brannon White advised that he had been given a general "power of attorney" over his mother's affairs. *Id.*

Those present reached a settlement agreement and agreed to put it on the record. In announcing the settlement agreement, the Court stated:

> I will announce the terms of the settlement, and if I get anything wrong or I leave out anything, each one of you are going to have an opportunity to comment on whether my announcement is correct.
> The court acknowledges and the parties agree that they have reached a settlement of any and all claims that have been asserted by the plaintiffs in this case. This is a settlement that would include the claims of each and every plaintiff against each and every defendant. It would be in exchange for a full, final and complete release of any and all claims by any and all of the plaintiffs against any and all of the defendants.
> The following will occur: The terms of the agreement are that Culpepper Enterprises, subject to approval by the bankruptcy court, will agree to a judgment in the amount of $150,000. That will be a judgment that Kathy Culpepper will also

3

be agreeing to, and it will be joint and several liability against Kathy Culpepper and Culpepper Enterprises in the amount of $150,000.

There will also be a term in the agreed judgment that plaintiffs reserve any and all rights to seek a determination from the bankruptcy court that this judgment -- that this agreed judgment is non-dischargeable in bankruptcy under Section 523 (a)(2) and (6) of the Bankruptcy Code and Defendants Culpepper Enterprises and Kathy Culpepper will be acknowledging that.

There will also be a settlement agreement. There will be a release that will need to be signed by the plaintiffs. And the settlement agreement will include on behalf of Culpepper Enterprises and Kathy Culpepper that the settlement and the agreement for the agreed judgment is with no admission of liability by Culpepper Enterprises and Kathy Culpepper.

[142-2] at 4-6. With regard to Mr. White's participation in the settlement conference and in reaching the settlement agreement, the Court noted:

I'm going to go ahead and note that the only person that was here to negotiate on behalf of Culpepper Enterprises and Kathy Culpepper and the one who has agreed to this is Brannon White who brought with him to the settlement conference today a Power of Attorney that is a General Power of Attorney for him to act for and on behalf of Kathy Culpepper and to bind her to any contract. And the court believes that that Power of Attorney authorizes him to enter into the release on the behalf of Kathy Culpepper. But as a term of the release, as a term of the settlement, the plaintiffs are requiring and the court finds it appropriate that Kathy Culpepper must also agree to the judgment.

[142-2] at 6. (emphasis added).

### Plaintiffs' Motion to Enforce Settlement Agreement

Plaintiffs have since moved to enforce the settlement agreement against both Culpepper Enterprises and Kathy Culpepper. Culpepper Enterprises opposed the motion, arguing that the settlement agreement was to have contained a confidentiality agreement. In order to oppose the motion, Culpepper Enterprises once again retained counsel. [143]. However, on July 24, 2018, that attorney also withdrew from the case. [163]. The Court issued one final Show Cause Order on July 24, 2018, requiring Culpepper Enterprises to retain counsel. [164]. The company failed to do so. On December 3, 2018, the Court granted a default judgment against Culpepper Enterprises in the

amount of $150,000. [166]. Culpepper Enterprises' thirty days to object to that order have since expired. *See id.* Plaintiffs' motion as to Culpepper Enterprises is now moot.

As to Kathy Culpepper, the undersigned recommends that the motion be denied. With respect to the settlement with Kathy Culpepper, the December 7, 2016, agreement contained a contingency that she must personally agree to a judgment. [142-2] at 6. Even Plaintiffs acknowledge this contingency.[1] Plaintiffs have presented no evidence that Kathy Culpepper has ever agreed to the terms of a judgment, and they acknowledge that they have received no signed settlement agreement from Kathy Culpepper. [142-1] at 5. In fact, Plaintiffs admit that they "are not aware of Defendant Kathy Culpepper's position on the terms of the settlement agreement, as she has not been in contact with [them] in any way . . . ." *Id.* at 11, fn 4.[2] Accordingly, the undersigned concludes that since this contingency has not been met, no enforceable settlement agreement exists between Plaintiffs and Kathy Culpepper.

### Recommendation

The undersigned recommends that Plaintiffs' Motion to Enforce Settlement Agreement [142] be found to be moot as to Culpepper Enterprises and denied as to Kathy Culpepper. Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. §

---

[1] When describing the terms of the agreement in their memorandum brief in support of this motion, Plaintiffs describe one of the terms of the agreement as follows: "Kathy Culpepper must agree to the judgment in her own capacity (i.e. her son Brannon White cannot sign the settlement agreement or supporting documents on her behalf)." [142-1] at 3 (parenthetical in original).

[2] The undersigned acknowledges that the "power of attorney" document that Brannon White brought to the settlement conference purported to authorize him to bind Kathy Culpepper to a contract and, therefore, to a settlement agreement and judgment on her behalf. However, the "power of attorney" document has not been filed with the Court and is not otherwise in evidence before this Court. Further, there is no evidence before this Court that the "power of attorney" has been filed in a chancery court in Mississippi nor any other evidence on which this Court can base a finding that the "power of attorney" is legally sufficient to be operable or enforceable. Regardless, as Plaintiffs admit, the settlement agreement included a contingency that Kathy Culpepper must agree to and sign the settlement agreement and judgment "on her behalf," a contingency that simply has not been met. [142-1] at 3.

636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

Dated this the 3rd day of April, 2019.

/s/ F. Keith Ball_____
UNITED STATES MAGISTRATE JUDGE