# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| ERNESTO CARRILLO-RAMIREZ, ET AL. | PLAINTIFFS |
| V. | CAUSE NO. 3:15-CV-409-CWR-FKB |
| CULPEPPER ENTERPRISES, INC., ET AL. | DEFENDANTS |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the Report and Recommendation (R&R) of the United States Magistrate Judge, which was entered on April 3, 2019. Docket No. 167. The plaintiffs filed their written objections on April 17, 2019, pursuant to 28 U.S.C. § 636(b)(1)(C).

The R&R recommends that the plaintiff's Motion to Enforce the Settlement Agreement, Docket No. 142, be found moot as to Culpepper Enterprises and denied as to Kathy Culpepper. The plaintiffs agree that the motion is now moot as to Culpepper Enterprises because default judgment has been entered against it. *See* Docket No. 166. The plaintiffs object, however, to the motion being denied as to Kathy Culpepper.

The R&R is subject to *de novo* review. Fed. R. Civ. P. 72(b)(3) ("the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

During the settlement conference, Brannon White appeared on behalf of his mother, Kathy Culpepper, purporting to have Power of Attorney. The conference concluded with an agreement that included a term, proffered by the plaintiffs, requiring that Kathy Culpepper also agree to the judgment.

The plaintiffs have not presented any evidence that Ms. Culpepper subsequently agreed to the terms or signed the agreement. Indeed, the plaintiffs acknowledge that they are unaware of Ms. Culpepper's "position on the terms of the settlement agreement, as she has not been in contact with [them] in any way." Docket No. 142-1 at 11 n.4. Further, despite Orders directing Ms. Culpepper to communicate with the Court, Ms. Culpepper has had no contact with this Court, through counsel or otherwise, since July 2016.

The plaintiffs nevertheless argue that this requirement was not a contingency of the Agreement, but merely an additional term that this Court can and should enforce. The Court disagrees. The plaintiffs described this requirement as meaning that Brannon White could not "sign the settlement agreement or supporting documents on [Ms. Culpepper's] behalf." *Id*. at 3. Even though the settlement conference proceeded under the assumption that Brannon White had General Power of Attorney to act on behalf of Ms. Culpepper, that document has not been filed with the Court and is not otherwise in evidence. Thus, this Court cannot find that Brannon White's purported authorization to bind Ms. Culpepper to a contract is sufficient to render that contract enforceable.

The plaintiffs have not shown that the magistrate judge erred in his recommendation. Accordingly, this Court hereby adopts said Report and Recommendation as the Order of this Court. The Motion to Enforce the Settlement Agreement is moot as to Culpepper Enterprises and denied as to Kathy Culpepper.

**SO ORDERED**, this the 29th day of August, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE